■ In the Matter of 1222 JOHN CO., Appellant, v. TAX COMMISSION OF THE CITY OF NEW YORK, Respondent.— In a consolidated proceeding to review assessments made by respondent for the tax years 1963–64 through 1970–71, petitioner appeals from a judgment of the Supreme Court, Kings County, dated February 16, 1971, which dismissed the petitions and confirmed the assessments. Judgment affirmed, with costs. We have reviewed the assessments for the years in issue and in our opinion they are proper. We decide no other issue. Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Brennan, JJ., concur.

■ In the Matter of LAWRENCE N. PICOZZI, Petitioner, v. WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent.— Proceeding pursuant to article 78 of the CPLR to annul respondent's determination dated August 5, 1971, which, after a hearing, revoked petitioner's registration as a longshoreman, effective August 30, 1971, with leave to reapply six months thereafter. Petition granted to the extent that respondent's determination is modified, on the law, by reducing the penalty therein to a suspension of the registration for a period of 30 days. As so modified, determination confirmed, without costs. Petitioner, a longshoreman for 16 years, was charged by respondent with having committed an offense within the meaning of article VIII (subd. 3, par. [c]; subd. 5, par. [a]) of part I of the Waterfront Commission Act (L. 1953, ch. 882), in that on November 15, 1968, in Brooklyn, New York, he possessed gambling records commonly used in the operating, promotion or playing of a policy scheme or enterprise, to wit: approximately 50 plays of mutual race horse policy, thereby rendering his presence at the piers or other waterfront terminals in the Port of New York District a danger to the public peace and safety. After a hearing, the charges were substantiated and petitioner's longshoreman's registration was revoked, with leave to reapply after six months. Although we find that the record presented contains substantial evidence to support respondent's finding that petitioner committed the offense in question, we believe that the penalty imposed was excessive and an abuse of discretion, in view of petitioner's prior exemplary record, and should be reduced to a suspension of 30 days. Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Brennan, JJ., concur.